LiLaw Inc., a Law Corporation
J. James Li (SBN 202855)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile: (650) 521-5955
Email: lij@lilaw.us

Attorneys for Plaintiffs
ANDREW PENG AND GRACE WANG

**FILED**

APR 19 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ANDREW PENG, an individual, NEINCHIU WANG, A.K.A., GRACE WANG, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>GEM SERVICES, INC., a Cayman Island corporation, GEM SERVICES USA, INC. a California corporation, RICHARD KULLE, an individual, SHARON KIMBLE, an individual, and AUTHOR LAU, an individual and DOES 1-10,<br><br>Defendants. | Case No. CV 12-00574 EJD (HRL)<br><br>STIPULATION AND ~~[PROPOSED]~~ ORDER<br><br>(RE: DOCKET NO. 26) |



Case No. CV 12-00574 EJD (HRL)
STIPULATION AND ~~[PROPOSED]~~ ORDER ~~FOR PRELIMINARY INJUNCTION~~

1  WHEREAS, Defendant Arthur Lau ("Lau") accessed Plaintiff Andrew Peng's ("Peng") Gmail account from a Sony VPCZ122GX Laptop Computer SN#30046111 that had been assigned to Peng ("Laptop"), and downloaded some of Peng's emails onto two USB drives ("Gmail Downloads");

WHEREAS, Lau provided one of the USB drives to Defendant Richard Kulle ("Kulle");

WHEREAS, both of the USB drives are now in the custody and possession of the law firm Sheppard Mullin Richter & Hampton LLP ("SMRH"), counsel for Defendants;

WHEREAS, Defendants and SMRH have not made any copies, in whole or in part, of the GMail Downloads;

WHEREAS, Defendant Sharon Kimble ("Kimble") also accessed Peng's Gmail account from the Laptop and printed some of the emails from the Gmail account ("Original Gmail Printouts");

WHEREAS, Kimble later gave the Original Gmail Printouts to SMRH; SMRH returned the Original Gmail Printouts and a bates stamped set of the documents with certain privileged emails removed and replaced with slip sheets ("Gmail Production Set") to LiLaw, and retained a single electronic copy of the Gmail Production Set;

WHEREAS, upon conference of counsels, the Parties agree as follows:

NOW THEREFORE, it is stipulated that upon the issuance of the Order, as soon as feasible,

1. Defendants and their counsel, SMRH, shall destroy its electronic copy of the Gmail Production Set.

2. LiLaw shall maintain custody of the Original Gmail Printouts and the Gmail Production Set in a secure location to which only LiLaw (and not Plaintiffs) have access. Neither LiLaw nor Plaintiffs shall alter or modify in any way the Original Gmail Printouts and the Gmail Production Set. Defendants and SMRH shall not keep any copies of or notes evidencing the contents of the Original Gmail Printouts or the Gmail Production Set. Plaintiffs shall produce to Defendants a redacted and bates-stamped version of the Original Gmail Printouts, showing the headers of emails and the footers of the printed pages, but redacting the contents of the emails.

3. SMRH shall turn over the USBs to LiLaw. LiLaw shall maintain custody of the USBs in a secure location to which only LiLaw (and not Plaintiffs) have access. LiLaw



agrees that it will not access, review, alter or modify the USBs, subject to further agreement of the parties or order of the Court.

4. Defendants and SMRH agree not to disseminate or use the information obtained from the Gmail Downloads, Original Gmail Printouts, or the Gmail Production Set, unless such information is obtained from another source such as through discovery in this lawsuit. If Plaintiffs rely on the contents of any of the Gmail Downloads, Original Gmail Printouts, or the Gmail Production Set in this lawsuit ("Contents Put at Issue"), Defendants shall be allowed discovery into and unrestricted use of all Contents Put at Issue in this lawsuit.

5. This Stipulation and [Proposed] Order is not intended in any way to limit the discoverability of any documents or information covered by this Stipulation and [Proposed] Order that is otherwise discoverable in this lawsuit or any other proceeding or action between the parties.

SO STIPULATED.

DATED: March 26, 2012          LiLaw Inc.

                               By      /s/
                                  _____
                                  J. James Li
                                  Attorneys for Plaintiffs
                                  Andrew Peng and Grace Wang

DATED:                         Sheppard Mullin Richter & Hampton LLP

                               By  _____
                                  Jennifer Redmond
                                  Attorneys for Defendants
                                  GEMS Services Inc., GEMS Services USA Inc.,
                                  and Richard Kulle.



1  PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

2  DATED: 4/19/12

   By _____
   Hon. ~~Edward J. Davila~~ Howard R. Lloyd
   United States ~~District~~ Magistrate Judge

